USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                  -v.-

CHOLO ABDI ABDULLAH,

                  Defendant.

20 Cr. 677 (AT)

**PROTECTIVE ORDER**
**PERTAINING TO CLASSIFIED INFORMATION**

This matter comes before the Court upon the Government's Consent Motion for a Supplemental Protective Order Pursuant To Section 3 of the Classified Information Procedures Act ("CIPA").  Pursuant to the authority granted under Section 3 of CIPA, the "Revised Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information" (hereinafter "Security Procedures," which are reprinted after CIPA § 9), Rules 16 and 57 of the Federal Rules of Criminal Procedure, and the general supervisory powers of the Court, and to protect the national security, the following Protective Order is entered[1]:

1.       WHEREAS, the Court finds that this case will involve information that has been classified in the interest of national security.  The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to this information requires appropriate security clearances and need-to-

---

[1] The Court understands that the Government may move for a supplemental protective order depending on the nature of additional information that is determined to be discoverable.

know, as set forth in Executive Order 13256 (or successor order), that has been validated by the U.S. government.[2]

2.      WHEREAS, as a result, upon the Government's motion on consent, the Court entered a protective order pursuant to Section 3 of CIPA (the "Initial CIPA Protective Order") on or about January 5, 2021, which governs the production of Classified Information in discovery in this action.  The Initial CIPA Protective Order, including the definitions contained therein, is incorporated by reference herein;

3.      WHEREAS, the Initial CIPA Protective Order provides that the defense will review Classified Information produced by the Government in a secure area maintained by the United States Marshals' Service (the "Marshals") and the Classified Information Security Officer (the "CISO");

4.      WHEREAS, the CISO has prepared a secure area (the "Secure Area") in which the defense can review Classified Information;

IT IS HEREBY ORDERED THAT:

5.      In order to arrange for the transportation of the defendant to the Secure Area for the authorized disclosure, review, and discussion of classified material, defense counsel will arrange with the U.S. Marshals for the transportation of the defendant to the Secure Area one week in advance of when cleared counsel wishes to meet with the defendant in the Secure Area, except that such schedule can be modified with 48 hours' notice prior to the time cleared counsel wishes

---

[2] Any individual to whom classified information is disclosed pursuant to this Order shall not disclose such information to another individual unless the U.S. agency that originated that information has validated that the proposed recipient possesses an appropriate security clearance and need to know.

to meet with the defendant in the Secure Area.   A request for a meeting on Monday must be made on or about 12:00 pm on the preceding Friday.   Once in the Secure Area, the defendant can meet with cleared counsel during normal business hours.

6.      Except as set forth below, cleared counsel will not take any electronic devices into the Secure Area other than electronic devices approved by the CISO.  The CISO has provided cleared counsel with computer equipment to allow counsel and the defendant to review the Classified Information produced by the Government.   The Computer Equipment shall be used only for purposes of preparing the defense, and is enabled to log computer activity occurring on the equipment and is equipped with security measures.

7.      Should any U.S. Marshal or anyone working on their behalf overhear any conversation between the defendant and his cleared counsel while they are meeting in the Secure Area, that conversation shall not be communicated to any member of the government prosecution team, including, but not limited to, attorneys, paralegals, or case agents.

8.      The Marshals reserve the right to terminate or reschedule any meeting to account for security issues or issues related to health measures necessary due to the COVID-19 pandemic. In the event that counsel for the Government, counsel for the defendants or the Marshals find that the arrangements set forth in this Order require modification that cannot be resolved by the parties, the matter will be presented to the Court for decision.

9.      Except where explicitly stated, nothing in this Order is intended to modify or amend the Initial CIPA Protective Order.

SO ORDERED.

Dated:  February 23, 2021
        New York, New York

_____
        ANALISA TORRES
        United States District Judge

4