UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/6/2021

----------------------------------------------------------------X

UNITED STATES OF AMERICA,                    :

    -v-                                                        :                    ORDER

CHOLO ABDI ABDULLAH,                         :                    20 Cr. 667  (AT)

          Defendant.          :

----------------------------------------------------------------X

ANALISA TORRES, District Judge:

      Counsel for Cholo Abdi Abdullah, have requested approval for the use of CJA funds to

purchase a laptop for Mr. Abdullah so that he can review discovery materials produced by the

Government.  Defense counsel represent that Mr. Abdullah needs to have access to an electronic

device under the terms ordered below.  Defense counsel represent that without this laptop Mr.

Abdullah will be unable to review effectively the massive amount of discovery material that the

Government has provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

      The application is granted as follows:

1. Defense counsel are authorized to procure with CJA funds, a laptop computer with such

    external hard drives and headphones, which comply with the requirements of the Bureau

    of Prisons and the U.S. Marshals Service, that may be required to provide Mr. Abdullah

    with access to the discovery (collectively the "Electronic Device") for purposes of the

    discovery review.  Defense counsel shall provide the electronic device to Julie de

    Almeida, Esquire, or her staff or such service provider designated by her to (1) load the

    software necessary to access and review the discovery materials, (2) disable the wireless,

    Bluetooth and printing capability from the BIOS of the Electronic Device and by

    removing the wireless/Bluetooth card, and (3) check the laptop and confirm that it is

unable to print, connect to the internet or access the internet from inside the BOP facility where Mr. Abdullah is housed.

2. Either defense counsel or Ms. de Almeida shall provide the Electronic Device to the Government which will confirm that the laptop is unable to connect to the internet or any wireless service or device. The Government may install password-protected software that prevents access to the internet, any and all wireless communication, games and entertainment programs of any kind.

3. The Electronic Device will be clearly marked with Mr. Abdullah's name and Marshal's registration number.

4. The Government shall save the discovery onto the Electronic Device as well as on any external hard drives that may be required to provide Mr. Abdullah with access to the discovery. Defense counsel may provide Mr. Abdullah with external drives to provide additional materials to him. Any drive provided by defense counsel to Mr. Abdullah will be labelled as "Privileged Defense Work Product."

5. The Government shall confirm that the discovery is viewable on the Electronic Device (for example that the audio and video recordings play on the Electronic Device) prior to delivering the Electronic Device to the facility where Mr. Abdullah is housed.

6. Within 20 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated to receive the Electronic Device by the facility where Mr. Abdullah is housed. The designated Officer shall keep the Electronic Device and charging wire in the Officer's office. Defense counsel shall be notified within 30 days of receipt of the Electronic Device by Mr. Abdullah.

7. Mr. Abdullah can access the Electronic Device for review on a temporary basis and at times approved by prison personnel. This review must take place in Mr. Abdullah's unit

or a location where to the extent possible Mr. Abdullah is not in the presence of any other inmates. Because of the volume of discovery, Mr. Abdullah should be afforded the ability to review the discovery for several hours each day to the extent consistent with the conduct of the facility in which Mr. Abdullah is lodged.

8. After Mr. Abdullah is finished reviewing the discovery on any given day, Mr. Abdullah shall return the Electronic Device to the designated Officer.

9. Mr. Abdullah is strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only Mr. Abdullah (and his counsel and any other members of his legal defense team, including investigators, paralegals, and support staff, as needed to confer with Mr. Abdullah) will have access to the discovery materials on the Electronic Device.

10. This Court will reconsider this Order and Mr. Abdullah's access to the Electronic Device if it appears that Mr. Abdullah is not abiding by this Order.

11. IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against Mr. Abdullah in the district court, whether through dismissal of the charges against Mr. Abdullah or Mr. Abdullah's sentencing, Mr. Abdullah shall return the Electronic Device to his counsel, who will promptly provide the Electronic Device to the Administrative Office of the U.S. Courts.

SO ORDERED.

Dated: May 6, 2021
New York, New York


ANALISA TORRES
United States District Judge