

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 13, 2025

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Cholo Abdi Abdullah*,
             20 Cr. 677 (AT)

Dear Judge Torres:

      The Government respectfully writes regarding the upcoming sentencing hearing of defendant Cholo Abdi Abdullah, currently scheduled for March 24, 2025, at 1:00 p.m., and the role of Karloff Commissiong, Esq.—who this Court appointed as standby counsel for the defendant—at that sentencing hearing. In particular, on March 4, 2025, this Court directed Mr. Commissiong to file a sentencing letter addressing specific issues (Dkt. 164), even though the defendant is currently representing himself *pro se*, and Mr. Commissiong did so on March 10, 2025 (Dkt. 165).

      By way of background, in October 2023, the Court was "advised that . . . [the defendant] may seek to proceed *pro se*." (Dkt. 92). Accordingly, on November 21, 2023, the Court held a hearing, pursuant to *Faretta v. California*, 422 U.S. 806 (1975). (Dkt. 106). At the conclusion of that hearing, the Court determined:

> that [the defendant] is competent to stand trial, that he understands the nature of these proceedings, that he understands that he has the right to an attorney throughout these proceedings, that he is competent to waive his right to counsel, that he has the mental capacity to conduct trial proceedings by himself and that he has waived his right to counsel knowingly, intelligently, voluntarily and unequivocally.

(Dkt. 106 at 56–57). Accordingly, the Court concluded that the defendant was "in the position of deciding to either represent yourself or to remain passive as you have described to me, and … appoint[ed] Mr. Commissiong to serve as standby counsel." (Dkt. 106 at 57).

      The defendant proceeded to trial, where he represented himself *pro se*, although Mr. Commissiong was at trial and remained available for consultation as standby counsel. On November 4, 2024, a jury found the defendant guilty on all six counts with which he was charged.

The Honorable Analisa Torres
March 13, 2025
Page 2 of 5

(Tr. 573–74).[1] After trial, the defendant made clear that he did not want assistance from counsel going forward:

> Your Honor, up to this moment, your Honor, I have not, your Honor, I have not considered what I should write because some of the things I know I think is out of comprehension for many people, even they are in this court, they cannot understand what they know. And it is very difficult for me to be understood by many people, so I will try, you know, if your Honor I would consider the time that you give me, and I will try to explain your Honor why—to explain myself. But as for considering to be, you know, representing myself, I will continue representing myself as I have been representing myself for the past 34 years. I will not consider anyone advice, and I would only, you know, use my own, you know, decisions and my ideas, and I would not consider anyone advice. That is something that I want to be on the record.

(Tr. 576). The defendant also explained that he did not want to talk to the Probation Office, even in connection with the preparation of his presentence report, and even after the Court stressed the importance of the report. (Tr. 577 ("So I will not talk to anyone, your Honor.")).

On March 3, 2025, the Government filed its sentencing submission. (Dkt. 163). The next day, the Court directed Mr. Commissiong to "file a sentencing submission" that would "include standby counsel's analysis of (1) the appropriate Guidelines range to be used and (2) the sentences that have been imposed in comparable cases." (Dkt. 164). On March 10, 2025, Mr. Commissiong filed a memorandum in response to the Court's order, arguing that the Probation Office correctly "calculated Mr. Abdullah's Guidelines range of Life imprisonment" (Dkt. 165 at 5), and discussing cases that Mr. Commissiong argued were comparable to the defendant's (Dkt. 165 at 5–7).

There is currently no basis to believe that the defendant has adopted Mr. Commissiong's sentencing memorandum as his own; to the contrary, Mr. Commissiong explained that, "[w]ith the exception of a brief call on March 7, 2025, that disconnected shortly after the call began, Mr. Abdullah has refused to speak with standby counsel since November 2024." (Dkt. 165). Indeed, Mr. Commissiong opined that "the Court's direction [to submit a sentencing memorandum on the defendant's behalf] is comparable to the views of standby counsel being 'thrust' upon an unwilling defendant," and, "if those views are considered in connection with sentencing, [this will] violate[] [the defendant's] right to self-representation as cautioned by the United States Supreme Court." (Dkt. 165 at 9 n.4 (citing *Faretta*, 422 U.S. at 820)).

Of course, as this Court recognized during the *Faretta* hearing, the "Sixth Amendment gives criminal defendants the right to representation by counsel or, should they so choose, to represent themselves." *United States v. Hage*, 74 F.4th 90, 93 (2d Cir. 2023) (citing *Faretta*, 422 U.S. at 834–35). However, such a defendant has "no right to 'hybrid' representation in which he is represented by counsel but supplements his lawyer's work with selected pro se submissions." *Id.* (citing *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016)). As such, as a general

---

[1] The trial transcript ("Tr.") is available at Docket Entries 147, 149, 151, 154, 156, and 158.

matter, at trial, a defendant's right to present his case himself without interference by standby counsel, though not absolute, is quite robust:

> In proceedings before a jury the defendant may legitimately be concerned that multiple voices "for the defense" will confuse the message the defendant wishes to convey, thus defeating *Faretta*'s objectives.[] Accordingly, the *Faretta* right must impose some limits on the extent of standby counsel's unsolicited participation.[]
>
> First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. This is the core of the *Faretta* right. If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance, the *Faretta* right is eroded.
>
> Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself.[] The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear *pro se* exists to affirm the accused's individual dignity and autonomy. … Appearing before the jury in the status of one who is defending himself may be equally important to the *pro se* defendant. From the jury's perspective, the message conveyed by the defense may depend as much on the messenger as on the message itself. From the defendant's own point of view, the right to appear *pro se* can lose much of its importance if only the lawyers in the courtroom know that the right is being exercised.
>
> * * *
>
> Participation by standby counsel in the presence of the jury is more problematic. It is here that the defendant may legitimately claim that excessive involvement by counsel will destroy the appearance that the defendant is acting *pro se*. This, in turn, may erode the dignitary values that the right to self-representation is intended to promote and may undercut the defendant's presentation to the jury of his own most effective defense. Nonetheless, we believe that a categorical bar on participation by standby counsel in the presence of the jury is unnecessary.

*McKaskle v. Wiggins*, 465 U.S. 168, 178–79, 181–82 (1984). Where the defendant merely appears before the Court—and not a jury—there is more flexibility:

> Participation by standby counsel outside the presence of the jury engages only the first of these two limitations. A trial judge, who in

The Honorable Analisa Torres
March 13, 2025
Page 4 of 5

> any event receives a defendant's original *Faretta* request and supervises the protection of the right throughout the trial, must be considered capable of differentiating the claims presented by a *pro se* defendant from those presented by standby counsel. … Accordingly, the appearance of a *pro se* defendant's self-representation will not be unacceptably undermined by counsel's participation outside the presence of the jury.

*Id.* at 179. It is important, though, that the Court provide the *pro se* defendant the opportunity to make clear what claims or positions are his, as opposed to his counsel's, and allow the *pro se* defendant to present his own views without interference:

> [W]e are satisfied that counsel's participation outside the presence of the jury fully satisfied the first standard we have outlined. Wiggins was given ample opportunity to present his own position to the court on every matter discussed. He was given time to think matters over, to explain his problems and concerns informally, and to speak to the judge off the record. Standby counsel participated actively, but for the most part in an orderly manner. The one instance of overbearing conduct by counsel was a direct result of Wiggins' own indecision as to who would question the witness on voir dire. Wiggins was given abundant opportunity to argue his contentions to the court.

*Id.* at 181. Moreover, "*Faretta* rights are adequately vindicated in proceedings outside the presence of the jury if the *pro se* defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the *pro se* defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel." *Id.* at 179.

In light of this, and because of the defendant's repeated insistence—through his words and actions—that he would not work with Mr. Commissiong or any other lawyer in connection with his sentencing, and following the concerns Mr. Commissiong raised in his Court-ordered sentencing submission regarding his participation in sentencing, the Government respectfully requests that, at the beginning of the defendant's sentencing hearing, the Court ask the defendant the following questions (including allowing the defendant to follow up as appropriate):

- Whether the defendant understands that the Court directed Mr. Commissiong to submit a sentencing memorandum addressing certain topics, and that Mr. Commissiong did so, but made clear that he was doing so in response to the Court's order, and was not doing so with the defendant's input or consent;

- Whether the defendant has reviewed Mr. Commissiong's sentencing memorandum, and whether he has had adequate time to discuss it with Mr. Commissiong, should he wish to do so;

- Whether the defendant would like to adopt Mr. Commissiong's sentencing memorandum;

- Whether the defendant would like to disagree with anything in Mr. Commissiong's sentencing memorandum; and

- Whether the defendant would like to prepare and submit his own *pro se* sentencing memorandum.

These questions, and the defendant's responses, would allow the Court to, among other things: (1) "differentiat[e] the claims presented by a *pro se* defendant from those presented by standby counsel," *McKaskle*, 465 at 179; (2) "vindicate[]" the defendant's "*Faretta* rights … [by] allow[ing the defendant] to address the court freely on his own behalf" and resolve any disagreements between the defendant and Mr. Commissiong in the defendant's favor, *id*.; and (3) nevertheless provide the Court the advantage of Mr. Commissiong's thoughts when it exercises its "independent duty to calculate the Guidelines range," *United States v. Rendsland*, 648 F. App'x 104, 107 (2d Cir. 2016), and consider the appropriate Section 3553(a) factors.

The Government is available to answer any additional questions that the Court may have.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:    /s/
Jonathan L. Bodansky
Nicholas S. Bradley
Assistant United States Attorneys
(212) 637-2385 / -1581

cc: Karloff C. Commissiong, Esq.
  Christine Delince, Esq.
  Emilee Sahli, Esq.