# Karloff Commissiong, Esq.

### Attorney at Law
405 Lexington Avenue
9th Floor
New York, NY 10174

March 23, 2025

**VIA E.C.F. AND ELECTRONIC MAIL**

Hon. Analisa Torres
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Cholo Abdi Abdullah, 20 Cr. 677 (AT)

Dear Judge Torres:

This untimely reply has been submitted to address the issues raised in the government's letter in relation to Mr. Abdullah's right to represent himself and the Supreme Court's acknowledgment of those rights in Faretta v. California, 422 U.S. 806 (1975).[1]

Standby counsel objects to the questions submitted by the government

Standby counsel is of the view that in a *good faith* effort to resolve the issues raised by the Court, the government's questions inadvertently serve as an unwarranted infringement on Mr. Abdullah's right to represent himself, in a manner admonished by the Supreme Court in Faretta.

The government's letter stated in part:

> "…because of the defendant's repeated insistence—through his words and actions—that he would not work with Mr. Commissiong or any other lawyer in connection with his sentencing, and following the concerns Mr. Commissiong raised in his Court-ordered sentencing submission regarding his participation in sentencing, the Government respectfully requests that, at the beginning of the defendant's sentencing hearing, the Court ask the defendant the following questions (including allowing the defendant to follow up as appropriate):

---

[1] Standby counsel apologizes to the Court for this delayed submission. However, the manner in which this case proceeds at sentencing could inadvertently raise constitutional grounds resulting in a reversal. Standby counsel wanted to propose minimal, barebones questions, given the Court's concerns that Mr. Abdullah is given notice of the issues related to sentencing, and having been advised of those issues, whether he wishes to continue to proceed pro se.

- Whether the defendant understands that the Court directed Mr. Commissiong to submit a sentencing memorandum addressing certain topics, and that Mr. Commissiong did so, but made clear that he was doing so in response to the Court's order, and was not doing so with the defendant's input or consent;

- Whether the defendant has reviewed Mr. Commissiong's sentencing memorandum, and whether he has had adequate time to discuss it with Mr. Commissiong, should he wish to do so;

- Whether the defendant would like to adopt Mr. Commissiong's sentencing memorandum;

- Whether the defendant would like to disagree with anything in Mr. Commissiong's sentencing memorandum; and

- Whether the defendant would like to prepare and submit his own pro se sentencing memorandum."

See Government's Letter dated March 13, 2025, at 4-5.

The above questions proposed by the government impermissibly encroach upon Mr. Abdullah's right of self-representation. Standby counsel objects to the scope of the above questions because, since the date Mr. Abdullah was granted the right to proceed pro se he has never expressed a change of mind to be represented by counsel. To the contrary, when advised of his rights under Rule 32 in connection with sentencing, Mr. Abdullah has consistently acknowledged those rights and has made his own decisions consistent with his right to represent himself. While standby counsel may have disagreed with those decisions, Mr. Abdullah has remained steadfast in his decision to represent himself.

Standby counsel is of the view that the government has approached resolving the issues raised by the Court in total good faith. But as an alternative, standby counsel proposes the following questions as more appropriate and consistent with Mr. Abdullah's right to represent himself. Those proposed questions are as follows:

- Whether Mr. Abdullah is aware that the Court ordered standby counsel to submit a sentencing letter that addresses (1) the appropriate Guidelines range to be used and (2) the sentences that have been imposed in comparable cases.

If Mr. Abdullah has not read the letter, the Court should explain and summarize the letter.  In so doing, the Court should then inquire:

- Whether, having heard the Court's explanation and summary of standby counsel's letter dated March 10, 2025, does Mr. Abdullah still elect to represent himself.

Finally, without violating Mr. Abdullah's right to represent himself pro se, standby counsel believes that these basic and fundamental questions ensure that he is fully apprised of the Court's good faith concerns at the time of sentencing.  But does so in a way without impermissibly encroaching on Mr. Abdullah's right to represent himself as cautioned by the United States Supreme Court.  See Faretta v. California, 422 U.S. at 820 (1975).


Respectfully Submitted,

        /s/

Karloff Commissiong, Esq.
Christine Delince, Esq.
Emilee Sahli, Esq.


cc:    A.U.S.A. Nicholas Bradley
       A.U.S.A. Jonathan Bodansky