

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 17, 2025

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Cholo Abdi Abdullah*, 20 Cr. 677 (AT)

Dear Judge Torres:

    In accordance with the Court's December 15, 2025 Order, the Government respectfully writes in opposition to the defendant's request to seal large portions of his sentencing submission. (Dkts. 180, 182).[1]

    The public "has a strong presumptive right of access to certain judicial documents, established by the First Amendment, as well as a weaker presumptive right to all judicial documents, established at common law." *United States v. Shin*, 24 Cr. 693 (KMK), 2025 WL 2806756, at *1 (S.D.N.Y. Oct. 1, 2025). Sentencing submissions, as defense counsel appears to concede (Dkt. 182 at 1), are judicial documents because they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Moreover, earlier this year, the Second Circuit held that "the First Amendment right of access applies to sentencing memoranda and accompanying exhibits" and that, therefore, such submissions "can be sealed only if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Greenwood*, 145 F.4th at 253 (quoting *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see also United States v. Sattar*, 471 F. Supp 2d 380, 386 (S.D.N.Y. 2006) (noting the "presumption of access is entitled to great weight if a party submits the document to the court for purposes of adjudication" (citing *Lugosch*, 435 F.3d at 123)).

    That is because sentencing submissions are "highly relevant to and influential in sentencing proceedings," and are "a necessary corollary of the capacity to attend the relevant proceedings." *Greenwood*, 145 F.4th at 255. Sentencing proceedings are "'of paramount importance' not only to

---

[1] The Government filed its sentencing response letter on December 12, 2025 with partial redactions, pending resolution of the defendant's anticipated sealing request. To be clear, the Government does not believe that any portion of its submission requires redaction, and it believes that the entirety of its submission can and should be filed publicly.

The Honorable Analisa Torres
December 17, 2025
Page 2 of 3

the criminal defendant, but also to members of the public, including the defendant's friends and family, victims of crimes, and members of the community where the crime occurred." *Id.* (quoting *United States v. Alcantara*, 396 F.3d 189, 198 (2d Cir. 2005)). Against that backdrop, the Second Circuit has explained that the "higher values" that may support redactions to sentencing submissions include "privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure," and "financial records, family affairs, illnesses, and embarrassing conduct with no public ramifications." *Id.* at 256 (internal quotation marks and alterations omitted).

The defense sealing request does not overcome the strong presumptive right of public access and has failed to set forth a basis for this Court to make "specific" findings that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Greenwood*, 145 F.4th at 255. The defense sentencing submission, as currently filed (Dkt. 180), redacts large swaths of information across multiple pages. The majority of the text on at least five pages of the submission is redacted. (Dkt. 180 at 6, 7, 9, 10, 12). One page of the submission is redacted entirely. (*Id.* at 10). The defendant's only justification for these wholesale redactions is that they supposedly "relate to topics that involve Mr. Abdullah's personal privacy interests, sensitive information and concerns related to the safety of his family." (Dkt. 182 at 1). That threadbare claim does not survive scrutiny. *See Greenwood*, 145 F.4th at 253.

The bulk of the defendant's redactions simply describe his own characterization of the offense conduct—which have already been made public at trial, including through his partial admissions to law enforcement—and for which he now has provided no justification that warrants redaction. For example, the redactions on pages 1, 6, 7, 8, and 9 describe the defendant's involvement in the offense conduct, including how he joined al-Shabaab and the Aviation Plot. (Dkt. 180). In doing so, the defendant presents what he believes to be mitigating considerations, which bear directly on the Court's evaluation of the Section 3553(a) factors at sentencing. These redactions fall under headers such as "Al Shabaab's Radicalization of Cholo Abdi Abdullah" and "Cholo Abdi Abdullah's Desire to Leave al Shabaab and Impossibility." (Dkt. 180 at 6, 8). It is unclear why the defense would seek to redact such purported mitigation, but in any event, such a discussion of "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a), does not remotely approach the narrowly tailored higher values that the defendant must set forth in order to warrant redactions. *See Greenwood*, 145 F.4th at 256. Indeed, the defendant's attempts to minimize his involvement with al-Shabaab and claim that he purportedly became "disillusioned" with the group are concerning and relevant to the Court's calculus at sentencing—and the portions of the defendant's submission addressing those points should be part of the public record—given the extent to which they underscore the defendant's refusal, as is his right, to accept responsibility for his actions, and given the tension between these arguments and the defendant's separate claims of being a victim of U.S. government oppression. (Trial Tr. 425; *see also* Trial Tr. 427 (defendant stating he was "in disadvantage of presenting any evidences that prove my innocence")).

Similarly, the defendant provides no specific reason why the Court should redact references to his partial admissions to law enforcement. (Dkt. 180 at 1, 2, 9-10, 18, 19, 23). The defendant's statements to law enforcement were discussed at length during the trial, and such information is regularly included in public sentencing submissions given their importance to the Court's evaluation of the sentencing factors. *See United States v. Joshua Adam Schulte*, 17 Cr. 548 (JMF)

The Honorable Analisa Torres
December 17, 2025
Page 3 of 3

(S.D.N.Y. 2024) (Dkt. 1123 at 5) (describing Schulte's multiple voluntary interviews with law enforcement in connection with his espionage and child pornography charges); *see also Shin*, 2025 WL 2806756, at *2 (rejecting request to seal entirety of sentencing document based on defendant's participation in a "safety valve proffer").[2]

      Finally, the Court should also reject the defendant's attempt to seal the entirety of the psychological evaluation submitted as Exhibit A, as well as his references to that report in his submission.[3] As the Government noted in its filing last week (Dkt. 181 at 5-7), the defendant's Special Administrative Measures ("SAMs") are a matter of public record. Significant portions of Dr. Akinsulure-Smith's report simply describe and characterize the defendant's conditions of confinement, including an introduction and case summary (pages 1-2), descriptions of meetings with the defendant in which the defendant was advised about the limited confidentiality of the evaluation (pages 3-4), the types of screening administered (pages 5-6), and how the defendant grew to distrust the evaluation and refused to continue it (page 3). Twenty-eight pages of Exhibit A are simply Dr. Akinsulure-Smith's curriculum vitae. Other parts of the report reflect Dr. Akinsulure-Smith's attempt to analogize SAMs to torture by citing United Nations documents.[4] Accordingly, although the Government does not object to redaction of the diagnostic evaluations and "impressions" set forth in the report (*see, e.g.*, pages 6-8, 13), a wholesale sealing of Exhibit A is not appropriate. *See Sattar*, 471 F. Supp. 2d at 388-89 (granting request to partially unseal psychiatric report based on common law right of access).

      Respectfully submitted,

      JAY CLAYTON
      United States Attorney

By:        /s/
      Jonathan L. Bodansky
      Nicholas S. Bradley
      Assistant United States Attorneys
      (212) 637-2385 / -1581

cc:    Anthony Cecutti, Esq.

---

[2] Indeed, the defendant's extensive over-redactions may exacerbate, rather than mitigate, some of his purported concerns, insofar as they may give the inaccurate impression that the defendant fully cooperated with U.S. law enforcement in connection with this case.

[3] The Government has no objection to the redaction of personal identifying information, such as the defendant's date of birth.

[4] The Government responded to these baseless allegations in its December 12, 2025 letter. (Dkt. 181 at 5).